IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JONATHAN WILLIAMS, | No. 4:25-CV-00412 |
| Petitioner, | (Chief Judge Brann) |
| v. | |
| WARDEN FCI-ALLENWOOD, | |
| Respondent. | |

MEMORANDUM OPINION

OCTOBER 14, 2025

Petitioner Jonathan Williams filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 while he was an inmate at the Federal Correctional Institution, Allenwood, in White Deer, Pennsylvania. He asks the Court to order the Federal Bureau of Prisons (BOP) to find him eligible for application of earned time credits under the First Step Act of 2018 (FSA)[1] and to apply those credits to his sentence. Williams, however, is statutorily ineligible to have FSA credits applied, so the Court must deny his petition.

I. **BACKGROUND**

Williams is serving a 120-month sentence imposed by the United States District Court for the Southern District of Texas for conspiracy to possess with intent to distribute methamphetamine and heroin.[2] He is currently incarcerated in

---

[1] Pub. L. 115-391, 132 Stat. 5194 (2018).
[2] Doc. 6-2 ¶ 3.

FCI Phoenix, in Phoenix, Arizona.[3] His projected release date, via application of good-conduct time, is February 1, 2028.[4]

In March 2025, Williams filed a one-page Section 2241 petition, alleging that he has earned 365 FSA time credits but the BOP is refusing to apply those credits because his PATTERN recidivism risk score has been determined (in his opinion, incorrectly) to be "high."[5] He asks the Court to order the BOP to properly calculate his recidivism risk score and to apply the FSA credits he has earned.[6]

Respondent timely answered Williams' petition.[7] Williams has not filed a reply, and the time in which to do so has passed. Williams' petition, therefore, is ripe for disposition.

## II. DISCUSSION

Respondent asserts that Williams' petition should be dismissed for failure to exhaust administrative remedies or otherwise denied on the merits.[8] Because

---

[3] *See* FED. BUREAU OF PRISONS INMATE LOCATOR, https://www.bop.gov/inmateloc/ (searching BOP Register Number "73151-050") (last visited Oct. 10, 2025).
[4] Doc. 1 at 1.
[5] *Id.*
[6] *Id.*
[7] *See generally* Doc. 6.
[8] Respondent also incorrectly contends that Williams' Section 2241 petition is not cognizable and must be dismissed for lack of subject matter jurisdiction, citing *McMillian v. Warden FCI-Allenwood Low*, No. 24-cv-01730, 2025 WL 1042313 (M.D. Pa. Apr. 8, 2025) (Brann, C.J.). *McMillian*, however, dealt with a Section 2241 petition that implicitly sought transfer to prerelease custody through application of "excess" FSA credits after 365 credits had been applied to early release. *See id.*, at *1, *3-4. Williams' petition, on the contrary, seeks application of 365 FSA credits, which credits could be (and almost always are) applied to early release. Therefore, Williams' petition implicates the duration of his confinement and is cognizable under 28 U.S.C. § 2241.

Williams is statutorily ineligible for application of FSA credits, his Section 2241 petition must be denied.

To be eligible to have FSA time credits *applied* toward early transfer to prerelease custody or supervised release (rather than simply earned), an inmate must satisfy the recidivism risk requirements set forth in 18 U.S.C. § 3624(g)(1)(D)(i)(I) and (ii), respectively. Those statutory provisions require, for early placement in prerelease custody, that the prisoner "has been determined . . . to be a minimum or low risk to recidivate pursuant to the last 2 reassessments of the prisoner"[9] and, for early placement in supervised release, that "the prisoner has been determined . . . to be a minimum or low risk to recidivate pursuant to the last reassessment of the prisoner."[10]  Thus, under either provision, the inmate must be determined to be a minimum or low risk to recidivate before FSA time credits can be applied.[11]

If an inmate cannot meet this recidivism-risk requirement, he or she may alternatively petition the warden to be considered on an individualized basis for

---

[9]   18 U.S.C. § 3624(g)(1)(D)(i)(I). The corresponding regulation uses slightly different wording but contains the same requirement: the inmate must have "maintained a minimum or low recidivism risk through his or her last two risk and needs assessments."  28 C.F.R. § 523.44(c)(1).
[10]  18 U.S.C. § 3624(g)(1)(D)(ii); *see also* 28 C.F.R. § 523.44(d)(1).
[11]  There are additional requirements in Section 3624(g) for application of FSA time credits.  For example, to be eligible for application of credits, the prisoner must have "earned time credits . . . in an amount that is equal to the remainder of the prisoner's imposed term of imprisonment."  18 U.S.C. § 3624(g)(1)(A).

placement in prerelease custody or supervised release.[12]  The warden can approve that petition upon determining that the prisoner (1) "would not be a danger to society if transferred to prerelease custody or supervised release," (2) "has made a good faith effort to lower their recidivism risk through participation in recidivism reduction programs or productive activities," and (3) "is unlikely to recidivate."[13]

This exception to the minimum- or low-recidivism-risk precondition requires an inmate to directly petition the warden, and therefore by statute (and regulation) demands administrative exhaustion.  Nowhere in Williams' Section 2241 petition does he indicate that he ever sought individualized approval from the warden for application of FSA credits despite his "high" recidivism risk.  Moreover, even if he had made the requisite request for this relief and the warden denied Williams' petition (and Williams followed the required appeal steps as set forth in 28 C.F.R. §§ 542.13-.15), any review of that decision by this Court would be constrained to determining whether the BOP had abused its discretion.[14]

Without providing any explanation or argument, Williams broadly contends that the BOP miscalculated his recidivism risk score.  However, Respondent has

---

[12]  *See* 18 U.S.C. § 3624(g)(1)(D)(i)(II).
[13]  *Id.* § 3624(g)(1)(D)(i)(II)(aa)-(cc); *see also* 28 C.F.R. § 523.44(c)(2)(i)-(iii).
[14]  *See Collins v. Warden Canaan FPC*, 2022 WL 2752536, at *2 (3d Cir. 2022) (nonprecedential) (citing *Vasquez v. Strada*, 684 F.3d 431, 434 (3d Cir. 2012) (explaining that federal court's review of BOP's prerelease-placement decision under Second Chance Act "is limited to whether the BOP abused its discretion")); *see also Bains v. Quay*, No. 3:21-cv-00353, 2021 WL 5343485, at *3 n.9 (M.D. Pa. Oct. 27, 2021) (describing recidivism-risk exception in Section 3624(g)(1)(D)(i)(II) as "discretionary"), *adopting report & recommendation*, 2021 WL 5330841 (M.D. Pa. Nov. 16, 2021) (Kane, J.).

provided substantial evidence that Williams' "high" recidivism risk score is accurate.[15] Williams has not responded to this evidence or otherwise established that his recidivism risk score was incorrectly calculated.

Williams is statutorily ineligible for application of FSA time credits at this time due to his "high" recidivism risk score. His Section 2241 petition, therefore, is without merit and must be denied.

### III. CONCLUSION

For the foregoing reasons, the Court will deny Williams' petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[15] *See* Doc. 6-2 ¶¶ 9-23 & attachments.